IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 16 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-02498-ZLW

ROBERT W. ROSBERG, JR.,

    Plaintiff,

v.

JOE ORTIZ, Executive Director, CDOC,
GARY WATKINS, Warden, Fremont Corr. Fac.,
DR. CHARLES OLIN, Dir, Mental Health Svcs., FCF,
RONALD WILKES, Captain/Laundry Supervisor, FCF, and
MATT GOMEZ, Sgt/Laundry Supervisor, FCF, individually and in their
    official capacities,

    Defendants.

---

## ORDER DENYING MOTION FOR RECONSIDERATION

---

Plaintiff Robert W. Rosberg filed *pro se* on April 20, 2006, a document titled "Objection to Magistrate's Order" in which he objects to the order and judgment of dismissal entered on April 4, 2006, and filed by the Court on April 5, 2006. The Court must construe the document liberally because Mr. Rosberg is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Court will construe the document as a motion for reconsideration. For the reasons stated below, the motion for reconsideration will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed within ten days after the judgment will be considered pursuant to Rule 59(e). *See id.* A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243. Mr. Rosberg's motion, which was filed more than ten days after the Court's order and judgment of dismissal, entered on April 4, 2006, and filed on April 5, 2006, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See **Massengale v. Oklahoma Bd. of Examiners in Optometry**,* 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant action without prejudice because Mr. Rosberg failed to exhaust his claims through the Colorado Department of Corrections' three-step grievance system. The basis for the dismissal is explained in detail in the dismissal order filed on April 5, 2006.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Rosberg fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Therefore, the liberally construed motion for reconsideration will be denied. Accordingly, it is

ORDERED that the document titled "Objection to Magistrate's Order" submitted *pro se* by Plaintiff Robert W. Rosberg and filed with the Court on April 20, 2006, and which the Court has construed liberally as a motion pursuant to Rule 60(b) of the

Federal Rules of Civil Procedure, is denied.

DATED at Denver, Colorado, this 15 day of May, 2006.

BY THE COURT:

*[signature]*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02498-BNB

Robert W. Rosberg, Jr.
Prisoner No. 119151
Fremont Corr. Facility
PO Box 999
Canon City, CO 81215- 0999

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  5-16-06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk